■ THE PEOPLE OF THE STATE OF NEW YORK, v GREENFIELD CONSTRUCTION COMPANY, INC., Defendant.—Motion to remove indictment and action from County Court, Monroe County to the Supreme Court, Monroe County, denied. Memorandum: We find no merit in movants' argument that the complexity of the issues requires removal of this case to the Supreme Court. Defendants' second ground for removal is based upon the paramount principle of fairness, a principle which existed at common law and which has been incorporated into the statutes of our State. "The right of every person accused of crime to have a fair and impartial trial before an unbiased court and an unprejudiced jury, is a fundamental principle of criminal jurisprudence" *(People v McLaughlin,* 150 NY 365, 375). Not only must there be no prejudice, actual or implied, but even the appearance of prejudice must be avoided. "Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness

and integrity of the judge" *(People v Suffolk Common Pleas,* 18 Wend 550, 552; *People v Naimark,* 154 App Div 760, 764). It is regrettable that the County Judge presiding in this prosecution has made various comments about the determination of the Grand Jury which cast doubt upon his impartiality. His statement "that something was obviously done improperly" gives one the impression that he may have prejudged certain aspects of this case. No good purpose is served by such comments by a judge, either in his opinion or to the media, during the pendency of an action. The desire for publicity is a tempting tonic which no jurist should imbibe. Judicial restraint should be exercised at all stages of a prosecution to insure all parties of their constitutional right to a fair trial. The interests of justice require that all future proceedings in the case at bar be assigned to a County Judge other than the one who has presided to this date. Present— Cardamone, J. P., Simons, Goldman, Del Vecchio and Witmer, JJ.