In the Matter of MARIO MEROLA, as District Attorney of Bronx County, Petitioner, v JOHN J. WALSH, as a Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, June 13, 1980

## APPEARANCES OF COUNSEL

*Alan D. Marrus* of counsel *(Mario Merola, District Attorney, pro se,* attorney), for petitioner.

*Robert A. Feuerstein* of counsel *(Robert Abrams, Attorney-General,* attorney), for John J. Walsh, respondent.

*Lewis R. Friedman* and *Jack T. Litman* of counsel *(Litman, Friedman, Kaufman & Asche,* attorneys), for Kevin Durkin, respondent.

## OPINION OF THE COURT

*Per Curiam.*

The District Attorney of Bronx County has applied for a writ of prohibition (CPLR art 78), the express purpose of which is to bar an acting Justice of the Supreme Court from continuing to preside over the trial of a case in which, for some days, a jury has been in the process of selection.[1] The ground assigned is that actions and expressions by the court, consisting mainly in refusing to sustain challenges for cause directed against certain veniremen, have created an atmosphere of judicial bias in favor of the defendant on trial and will probably, by continued practices of this sort, so infect the atmosphere of the trial that it will not be possible for both sides to enjoy fair and impartial consideration of the case.[2]

The abbreviated record we review shows that the trial court did not proceed to rule on the challenges for cause on the basis of disclosures of relationships with persons connected with the case. When a venireman would express doubt about inability to decide impartially because of such a relationship, the court, in most cases would seek, in examination, personally conducted, to elicit statements from such prospective jurors to the effect that they could nevertheless be fair and impartial. Mostly, these attempts were unsuccessful. Several illustrations will suffice to demonstrate the pattern.

---

1. Continuance of the trial has been stayed pending this disposition.

2. Despite the axiom that prohibition is usually not available in a criminal case because of availability of full review on appeal, the petitioner has taken that road to relief because the prosecutor has no right of appeal from a verdict for defendant.

The defendant, charged with homicide, is a police officer accused of two fatal shootings while in a bar, off duty. A prospective woman juror expressed hostility against the prosecutor because her husband had been convicted and served time; she stated that she would be swayed by her sympathy "in this young man's [the defendant's] favor" to the extent that she "could not say guilty." A venireman stated that police officers enjoyed a recreational companionship with him and revealed a grave doubt that he "could live with" his friends—one of them to be a witness in the case—if they discovered he had joined in a guilty verdict. Another, bowling partner of a policeman, expressed himself similarly in different detail; still another said he had an intimate friend, a policeman, also expected to be a witness in the case, whose testimony would favor the defendant. A retired policeman expressed himself as favoring defendant. We think that the challenges for cause addressed to these and other prospective jurors who made similar statements should have been sustained. Some few challenges for cause were sustained, by the court, and others by consent; however, most were not, some of them being challenged peremptorily, while others remain.[3] The District Attorney does not complain here about the necessitated use of peremptory challenges to remove these partial persons from the panel, but rather of the ambience continually created by the court's refusal to sustain challenges to these obviously partial jurors. However, in these circumstances, we must apply to the situation before us the holding in *Matter of State of New York v King* (36 NY2d 59, 61-62) which appears to provide a basis to put petitioner out of court.[4] We must also consider that there is language which may be read to the contrary in *La Rocca v Lane* (37 NY2d 575, 579-580). Thus we do not believe we have authority to prohibit the trial court from continuing to foster the poisonous

3. We are aware of the teaching of *People v Biondo* (41 NY2d 483, 485) that, where the taint of relationship is dispelled by the juror's solemn assurance that, despite the relationship, he could be impartial, the challenge is not required to be sustained, but that is not the situation here. And we must consider that *People v Branch* (46 NY2d 645) may easily be read as indicating that there is no reviewable error at all as to challenges for cause until peremptory challenges are exhausted, but, again, the thrust of the petition is to the court's conduct rather than to the particular rulings on the challenges.

4. "The courts may not entertain a collateral proceeding to review an error of law in a pending criminal action, however egregious and however unreviewable, by way of immediate appeal or by appeal after the final judgment of conviction or acquittal, whichever may eventuate."

atmosphere of the ongoing proceedings. Petitioner, having the burden of persuasion, has not overcome these doubts notwithstanding our deep feelings that judicial proceedings should never be conducted save in a completely even-handed, dispassionate, impartial manner. Idiosyncratic conduct otherwise must ordinarily be left to the Commission on Judicial Conduct except where we have clear authority to intervene, and of this, as we have indicated, we are not persuaded. However, while we do not by our disposition herein question the authority of the trial court to do what has been done, nor the purity of the court's conscious motives and intentions,[5] we are constrained to call attention to the canon which states that the appearance of impropriety by a judicial officer is to be avoided to the same extent as is actual impropriety itself. "No good purpose is served by such comments by a judge * * * during the pendency of an action * * * Judicial restraint should be exercised at all stages of a prosecution to insure all parties of their constitutional right to a fair trial." *(People v Greenfield Constr. Co.,* 48 AD2d 765, 766.) "Not only must there be no prejudice, actual or implied, but even the appearance of prejudice must be avoided. 'Next in importance to the duty of rendering a righteous judgment, is that of doing it in such a manner as will beget no suspicion of the fairness and integrity of the judge.' [Citation]" *(ibid.,* pp 765-766). Recognizing, however, that, in the circumstances we consider, "the judge himself is the sole arbiter" *(People v Patrick,* 183 NY 52, 54), we strongly suggest that, in the interests of both propriety and justice, the trial court recuse itself, and permit the jury selection and trial to proceed *de novo* before another Justice. (See *Matter of Katz v Denzer,* 70 AD2d 548, 549.) Had we the power to do so, we would grant the application for a writ of prohibition.

Upon all the foregoing, the cross motions of the defendants and the Attorney-General to deny the application for a writ of prohibition and to dismiss the petition therefor should be granted, without costs. For the reasons stated above, we grant *sua sponte* permission to petitioner to appeal to the Court of Appeals (CPLR 5602, subd [a], par 1, cl [i]) and we continue the present stay of the ongoing trial until Wednesday next, June 18, 1980, at 9 A.M., to permit either side to apply to the Court of Appeals or a Judge thereof for continuance, modifica-

---

5. Of course, we do not indulge in speculation as to whatever subconscious influences may possibly have operated.

tion, or termination of that stay, pending the appeal to that court.

Ross, J. P., MARKEWICH, SILVERMAN, BLOOM and CARRO, JJ., concur.

Application for an order in the nature of a writ of prohibition denied, the motions granted and the petition dismissed, without costs and without disbursements. This court, *sua sponte,* grants leave to petitioner to appeal to the Court of Appeals. The present stay of the ongoing trial is continued until 9:00 A.M., June 18, 1980, to permit either side to apply to the Court of Appeals or a Judge thereof for continuance, modification, or termination of said stay, pending the appeal to the Court of Appeals.