■ In the Matter of STERLING JOHNSON, JR., Petitioner, v JEROME HORNBLASS et al., Respondents. — Application pursuant to CPLR article 78 for an order in the nature of a writ of prohibition, prohibiting respondent Hornblass from presiding over a certain posttrial proceeding, unanimously denied and the petition dismissed, without costs and without disbursements. Sterling Johnson, Jr., Special Assistant District Attorney for the office of Prosecution, Special Narcotics Court for the City of New York, seeks an order of this court prohibiting the Hon. Jerome Hornblass, an Acting Justice of the Supreme Court of the State of New York from presiding over the posttrial proceedings in the case of People v Ernesto Insignares and Cesar Garay (Special Narcotics Indictment No. 5734-81). For the reasons hereinafter set forth the application is denied and the petition is dismissed. It appears that in response to allegations by the defendant Insignares that he had been sexually attacked by inmates during his postconviction confinement at Rikers Island, that he had not been confined in segregated facilities as the respondent Hornblass had ordered, nor was a suicide watch undertaken by the Department of Corrections' personnel, as Hornblass had ordered, the respondent, upon the application of Insignares' attorney, appointed Special Counsel from New York Civil Liberties Union "with reference to the possible violation of [Insignares] rights"; ordered that defendant be confined over the weekend at Bellevue Hospital so that a complete physical and mental examination could be conducted and upon learning that the defendant was at the Rikers Island hospital and not at Bellevue, visited defendant at Rikers to determine whether or not he was safely housed and "to see the entire conditions of the hospital as well as the [place] where he was held before". On the basis of these and other events, including ascertaining that his order that Insignares be confined at Bellevue Hospital over the weekend had been countermanded by the Commissioner of Correction, who apparently took the position that the department routinely ignored orders of the court respecting the housing of inmates, reserving to itself the determination of the appropriate housing circumstances for inmates in its custody, respondent indicated that he would entertain appropriate motions made on behalf of Insignares, and hold a hearing as to the allegations made by the defendant respecting his mistreatment at Rikers Island. Defendant has, in the meanwhile, filed a postconviction motion to dismiss the indictment in the interest of justice relying heavily upon his alleged mistreatment at Rikers and upon assertions that he is psychologically unfit for imprisonment. This motion is pending before the respondent Hornblass. The People sought to have Hornblass recuse himself, asserting that while his good intentions were not in any way being questioned, his involvement in an "extrajudicial" capacity in the issues raised by Insignares' motion, created at the very least an appearance of impropriety. The People also assert a probable need to call Hornblass as a witness during the course of the scheduled hearing

respecting his visit to Rikers and the appointment of Special Counsel for Insignares. The recusal motion was denied and the People have proceeded in this court for a writ of prohibition. We thus are again confronted with the question of whether or not a determination by a Justice at *nisi prius* not to disqualify himself is subject to review by this court pursuant to CPLR article 78. Section 14 of the Judiciary Law provides, in pertinent part: "A judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding to which he is a party, or in which he has been attorney or counsel, or in which he is interested, or if he is related by consanguinity or affinity to any party to the controversy within the sixth degree." This is the sole statutory authority in New York for disqualification of a Judge. If disqualification under the statute were found, prohibition would lie, since there would be a lack of jurisdiction. There is an express statutory disqualification. (See *Matter of Merola v Walsh,* 75 AD2d 163; *Matter of Katz v Denzer,* 70 AD2d 548; *People ex rel.. Devery v Jerome,* 36 Misc 2d 256.) In the absence of a violation of express statutory provisions, bias or prejudice or unworthy motive on the part of a Judge, unconnected with an interest in the controversy, will not be a cause for disqualification, unless shown to affect the result. As stated in *People v Patrick* (183 NY 52, 54), absent a legal disqualification it "would be a sufficient answer to this claim that of an objection of that character, impropriety as distinguished from legal disqualification, the judge himself is the sole arbiter." We have heretofore recognized the limitation in several cases (*Matter of Merola v Walsh, supra; Matter of Katz v Denzer, supra*). Although Justice Hornblass may not be disqualified pursuant to section 14 of the Judiciary Law, canon 2 of the Code of Judicial Conduct requires that a Judge "avoid impropriety and the appearance of impropriety". Canon 3 (subd C, par [1]) calls on the Judge to disqualify himself when his "impartiality might reasonably be questioned". It provides in pertinent part: "A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where: (a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding". Indeed it is upon this and other sections of the canons that the People primarily rely. And while sufficient has not been shown to establish such an abuse of discretion on the part of the respondent in denying recusal to warrant our intervention, we suggest that the "appearance of justice" might be better served by his recusal. We are confident that he recognizes, as do we, that judicial proceedings should never be conducted save in a manner and under circumstances that reflect complete impartiality. Not only must there be no partiality, in fact, even the appearance of partiality is to be avoided. Concur — Kupferman, J. P., Sullivan, Ross and Alexander, JJ.; Silverman, J., concurs in the result only.