■ CATALINA BEACH CLUB et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated August 18, 1982, which affirmed an order of the respondent State Division of Human Rights, which, *inter alia,* directed petitioner Catalina Beach Club to pay the complainant Ilene Robinson $1,050 for economic loss and $1,500 for mental anguish, as compensatory damages for discriminatory retaliation. The respondent State Division of Human Rights cross-moves for enforcement of the order. Cross application granted, order confirmed and proceeding dismissed, with costs to the State Division of Human Rights against petitioners to be taxed by the County Clerk, Nassau County, under

CPLR 8203 and 8301. In 1975 Ilene Robinson filed a complaint with the State Division of Human Rights, alleging that she had been denied summer employment as a cabana attendant at the Catalina Beach Club solely because she was a woman. The complaint charging sex discrimination was settled and discontinued pursuant to stipulation, wherein petitioners, the Catalina Beach Club and manager Leslie Morse, agreed to consider Ms. Robinson on an equal basis with all other applicants, should she reapply for the position. When Ms. Robinson reapplied the following summer for an eight-week position as a cabana attendant, petitioners hired a private detective to investigate her. Petitioner Morse conceded that the Catalina Beach Club had never before hired a detective to investigate a prospective employee. Ms. Robinson was again denied employment because the detective had obtained a letter by one of Ms. Robinson's former employers, stating that he would not re-employ her because she "could not take abuse from the customers and from me". Ms. Robinson alleged that after learning about the detective's investigation she suffered from insomnia, nausea, stomach cramps and tension headaches. Ms. Robinson lodged a second complaint with the State Division of Human Rights, charging manager Morse and the Catalina Beach Club with discriminatory retaliation. A hearing was conducted and the Commissioner of the State Division of Human Rights issued an order which found that petitioners had discriminated against the complainant by hiring a private detective to investigate her when she applied for an eight-week summer job and by using the investigation as an excuse for refusing to employ her as a cabana attendant. Additionally, the commissioner found the discrimination was in retaliation for Ms. Robinson having filed a previous complaint against petitioners. The complainant was awarded compensatory damages in the amount of $1,050 for economic loss and $1,500 for mental anguish suffered by her as a result of petitioners' discriminatory retaliation. The order was affirmed on August 18, 1982 by the State Human Rights Appeal Board. We find there is "sufficient evidence on the record considered as a whole" (see Executive Law, § 298) to support the State Division of Human Rights' determination that petitioners engaged in a discriminatory practice against the complainant and denied her application for employment at the Catalina Beach Club in retaliation for filing a previous complaint against petitioners with the State Division of Human Rights, in violation of section 296 (subd 1, par [e]; subd 7) of the Executive Law. It is well established that the State Division of Human Rights may include, as compensatory damages, an award for mental anguish suffered by the complainant at the hands of a discriminator (see *Batavia Lodge No. 196, Loyal Order of Moose v New York State Div. of Human Rights*, 35 NY2d 143, 146; *Cullen v Nassau County Civ. Serv. Comm.*, 53 NY2d 492, 496) and that mental anguish may properly be established by the testimony of the complainant alone (*Cullen v Nassau County Civ. Serv. Comm., supra*, p 497; *New York City Bd. of Educ. v Sears*, 83 AD2d 959, 960). Here, the complainant's testimony that she suffered from nausea, insomnia, stomach cramps and tension headaches as a result of petitioners' discriminatory practice of hiring a private investigator was sufficient proof to establish mental anguish. Considering the blatant nature of the discrimination and the severity of the injuries incurred, the award of $1,500 for mental anguish was appropriate to compensate the complainant for the wrong suffered. We have reviewed the other arguments raised by petitioners and find them to be without merit. Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.