■ DIMITRIOS RESSIS, Appellant, v DAVID MACTYE et al., Respondents. — Per Curiam. Appeal from an order of the Supreme Court at Special Term (Siracuse, J.), entered May 1, 1984 in Monroe County, which *inter alia,* granted defendants' motion for summary judgment dismissing the complaint.

Pursuant to an order of the Supreme Court of Monroe County, defendants prepared a psychological evaluation of plaintiff as part of his action for divorce. The purpose of the evaluation was to aid the court in making an appropriate decision regarding the custody and visitation of plaintiff's then five-year-old daughter. At the conclusion of their evaluation, defendants recommended that plaintiff be granted weekly visitation with his daughter so long as a third party was present. This recommendation was made so that the third party could monitor any upsetting statements which plaintiff might make to the child regarding the child's mother, plaintiff's estranged wife. Such statements had apparently posed a problem in the course of previous visits between plaintiff and his daughter.

Plaintiff alleges that he had difficulty meeting with his daughter because of the third-party requirement. At his request, he was reevaluated by defendants approximately one year after their first report. Defendants then revised their recommendation and stated that plaintiff should be allowed to visit his daughter without a third party being present. Plaintiff then brought the instant action against defendants. Special Term dismissed the complaint for failure to state a cause of action. This appeal ensued.

Plaintiff's *pro se* complaint set forth eight causes of action, all of which were properly dismissed by Special Term. Three of the

theories alleged by plaintiff, i.e., proximate cause, "iatrogenic disorders" and civil conspiracy, are not causes of action known to the law and are patently untenable.

Plaintiff's remaining five theories of liability, sounding in malpractice, fraud, duress, undue influence and breach of the physician-patient privilege, will be examined seriatim. We note, however, that each suffers from the same shortcoming, i.e., a lack of evidentiary facts in admissible form to substantiate plaintiff's conclusory allegations (*see, Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 342-343).

Plaintiff's malpractice cause of action is unsubstantiated by any evidence that defendants failed to use their best judgment, failed to use reasonable care, or did not have the skill and knowledge of an average member of their profession, as is required in pleading this cause of action (*see, Hale v State of New York,* 53 AD2d 1025, *lv denied* 40 NY2d 804). Indeed, the record discloses that plaintiff's own expert arrived at an evaluation of plaintiff's psychological condition which was similar to that of defendants.

Plaintiff also failed adequately to plead a cause of action sounding in fraud. This cause of action requires a showing that the defendant sought to deceive the plaintiff and knowingly lied to him in order to deprive the plaintiff of some benefit, and that the plaintiff was thereby deceived and deprived (*Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 406-407). Here, plaintiff has presented no evidence that defendants either sought to deceive him or to deprive him of visitation by recommending that a third party be present during it. On the contrary, defendants' first report stated that plaintiff should visit with his daughter.

Plaintiff's cause of action sounding in duress was similarly unsubstantiated. Duress is the compelling of an individual to perform an act which he is not legally obligated to do (*Gerstein v 532 Broad Hollow Rd. Co.,* 75 AD2d 292, 297). Here, however, plaintiff has not submitted evidence that defendants compelled him to do anything. The terms of his visitation were imposed pursuant to court order.

Plaintiff's cause of action for undue influence was equally unfounded. This cause of action requires a showing, *inter alia,* that the tort-feasor coerced the plaintiff in order to obtain some advantage (*Kazaras v Manufacturers Trust Co.,* 4 AD2d 227, 237, *affd* 4 NY2d 930). Plaintiff here has failed to submit any evidence that defendants obtained any advantage from the issuance of their first evaluation of him.

Finally, plaintiff has failed to plead a cause of action sounding in breach of the physician-patient relationship. In a prior appeal before this court, we held that plaintiff waived this privilege when he stipulated, in the course of his divorce proceeding, that defendants' evaluation was to be made available to the attorneys on both sides and entered into evidence (98 AD2d 836, 837).

Plaintiff's final contention is that the affidavits of defendants David Mactye and Joan Sobel, submitted on the motion appealed from, were unsigned and unnotarized. Again, this allegation is unsupported by any evidence and must be rejected.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur.