■ JOSEPH R. WARD et al., Appellants, v ADELE A. SCOVILLE et al., Defendants, and WELBOURNE & PURDY REALTY, INC., et al., Respondents.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (White, J.), entered May 13, 1987 in Schenectady County, which, *inter alia,* granted a cross motion by defendants Welbourne & Purdy Realty, Inc., and Stephanie L. Albers for summary judgment dismissing the complaint against them.

In May 1984, plaintiffs purchased a two-family house in the Village of Scotia, Schenectady County, from defendants Adele A. Scoville and Diane C. Gouge (hereinafter the sellers). Defendant Stephanie L. Albers, a licensed real estate agent employed by defendant Welbourne & Purdy Realty, Inc. (hereinafter collectively referred to as defendants), represented the sellers as the listing agent in the sale of the property. After the sale, plaintiffs, who had been represented by an agent from a different realty company, discovered extensive structural damage to the house caused by a fire several years prior to the sellers' acquisition of the property in 1978.

Plaintiffs commenced the instant action charging material misrepresentation and fraud on the part of the sellers and defendants by reason of their failure to disclose the true condition of the property. The sellers moved to dismiss the complaint, defendants cross-moved for summary judgment dismissing the complaint against them, and plaintiffs moved for an order compelling defendants to comply with plaintiffs' demand for documents and to submit to a deposition. The various motion papers disclose that in the course of inspecting the property for the purpose of listing it for sale, Albers discovered a charred rafter in the attic of the house, but was

assured by Scoville that although there had been a small fire, "it had been corrected long before she bought the house". Plaintiffs allege that sometime prior to their several inspections of the house the charred attic beams were covered with insulation. Supreme Court denied the sellers' motion, granted defendants' cross motion and dismissed plaintiffs' motion as moot. Plaintiffs appeal; we affirm.

To the extent that the complaint seeks rescission, it is enough to note that rescission does not lie against defendants as they are not parties to the sale that plaintiffs want rescinded. Plaintiffs' fraud action against defendants is predicated on the theory that Albers' nondisclosure of damage caused by fire was a material misrepresentation (see generally, Annotation, *Liability of Vendor's Real-Estate Broker or Agent to Purchaser for Misrepresentation as to, or Nondisclosure of, Physical Defects of Property Sold*, 8 ALR3d 550 § 4 [a]; Annotation, *Real-Estate Broker's Liability to Purchaser for Misrepresentation or Nondisclosure of Physical Defects in Property Sold*, 46 ALR4th 546 § 2 [a]). Even accepting that defendants did not disclose the prior fire damage, that does not detract from the conclusion reached by Supreme Court since scienter on the part of defendants is an essential element of an action in fraud (see, *Ressis v Mactye*, 108 AD2d 960, 961, *appeal dismissed* 67 NY2d 601) and there is no indication in the record that defendants knew the fire damage, which was apparent at the time of Albers' inspection, had allegedly been concealed from potential buyers (see, Annotation, 8 ALR3d 550, 559 § 4 [a]). Furthermore, the only contact between defendants and plaintiffs regarding this property was the listing of the house by defendants; hence, deception and reliance, other essential elements of fraud, have not been shown (see, *Jo Ann Homes v Dworetz*, 25 NY2d 112, 119).

The contention that Supreme Court's decision not to compel discovery frustrated plaintiffs' ability to resist defendants' summary judgment motion (see, CPLR 3212 [f]) lacks force. Not only did plaintiffs fail to make this assertion in their affidavit in opposition to the motion (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:33, at 450), but the uncontroverted record evidence furnishes no basis for finding defendants liable for fraud and plaintiffs do not even attempt to postulate the existence of facts that would yield a viable claim against defendants (see, CPLR 3212 [f]). Accordingly, even though discovery was not complete, summary judgment was properly granted (see, *Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023, 1026).

Order affirmed, without costs. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.