■ RONIT HERZFELD, Appellant, v J & M REALTY ASSOCIATES et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated January 12, 1988, which, without a hearing, denied her motion to vacate and set aside a stipulation of settlement entered into in open court and impliedly denied her application for recusal of the trial court.

Ordered that the order is affirmed, with costs.

The plaintiff moved to set aside a stipulation of settlement which was entered into in open court. She also sought to have the Trial Judge recuse himself from hearing the motion to vacate upon the ground that he had improperly pressured her into accepting the defendants' settlement offer.

The plaintiff had initially refused a settlement offer of $50,000 from the defendants. During a conference, the Trial Judge advised the plaintiff, *inter alia,* that, if she went to trial, there was a possibility that she could lose. The plaintiff again refused the offer. After the Trial Judge left the confer-

ence, the defendants raised their offer to $60,000 and the plaintiff accepted it outside of the court's presence.

The record reveals that the Trial Judge carefully explained to plaintiff that she would have to pay her counsel fees and any outstanding medical bills from the settlement sum. The record further reflects that the plaintiff was informed that the settlement would result in the termination of her case and that she would not be able to come back to court for anything arising out of the same lawsuit. The plaintiff's only question with respect to the stipulation was when she would receive the money. The plaintiff clearly stated on the record that the settlement met with her approval. At no time during the placing of the stipulation on the record did the plaintiff object to its terms or indicate that she was not satisfied with it.

We conclude that the Trial Judge did not err in denying the plaintiff's request that he recuse himself from hearing the motion to vacate.

The plaintiff does not allege that the Trial Judge violated any express statutory provisions *(see, e.g.,* Judiciary Law § 14). It is well settled that "when recusal is sought based upon 'impropriety as distinguished from legal disqualification, the judge * * * is the sole arbiter' " *(People v Moreno,* 70 NY2d 403, 406, quoting *People v Patrick,* 183 NY 52, 54; *see also, e.g., People v Bartolomeo,* 126 AD2d 375, 391, *lv denied* 70 NY2d 702; *Matter of Johnson v Hornblass,* 93 AD2d 732, 733).

Upon a review of the record, we find that there is nothing which supports the plaintiff's contentions that the Trial Judge became impatient with her or attempted, in any way, to coerce her into accepting the offer. Rather, it appears that the Trial Judge was assiduous in his efforts to determine and ensure that the plaintiff's acceptance of the settlement offer was voluntary and based upon a full understanding of its ramifications.

Nor was it error for the trial court to deny, without a hearing, the plaintiff's motion to vacate the stipulation.

Stipulations entered into in open court are rarely set aside, and, in fact, are to be set aside "[o]nly where there is cause sufficient to invalidate a contract" *(Hallock v State of New York,* 64 NY2d 224, 230; *Heimuller v Amoco Oil Co.,* 92 AD2d 882, 884). At bar, the plaintiff's papers failed to establish any ground, such as duress, undue influence, or lack of mental capacity, sufficient to set aside either a contract or this stipulation *(cf., Polito v Polito,* 121 AD2d 614; *Kazaras v Manufacturers Trust Co.,* 4 AD2d 227, 237, *affd* 4 NY2d 930; *Ressis v*

*Mactye,* 108 AD2d 960; *Anderson v Anderson,* 90 AD2d 763). Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.