■ VERONICA GUTNIK, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about May 16, 1990, denying an application by plaintiff for an order of recusal, unanimously affirmed, without costs.

Plaintiff's negligence action is presently pending before Judge Lehner. During pretrial proceedings, it was disclosed that Judge Lehner's friend was suing the wife of plaintiff's trial counsel in Small Claims Court. The Small Claims matter had been pending for quite some time, having been on approximately 12 times. The Judge had reviewed his friend's file and was apprised of the results.

New York State Judiciary Law § 14 provides the only statu-

tory authority for disqualification of a Judge, none of which requires recusal on the facts presented. Where, as here, there is no statutory authority to legally disqualify a Judge, a claim of "bias or prejudice or unworthy motive on the part of a Judge, unconnected with an interest in the controversy, will not be a cause for disqualification, unless shown to affect the result." *(Matter of Johnson v Hornblass,* 93 AD2d 732, 733.) Until the case is tried, it cannot be said plaintiff is aggrieved. Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.