OPINION OF THE COURT
Memorandum.
Judgment unanimously reversed as a matter of discretion in the interest of justice and a new trial ordered.
In our opinion, under the circumstances herein, a new trial should be had in order to avoid any possibility of an appearance of impropriety. It is uncontradicted that the Judge in this nonjury case was a member of the Corporation Counsel’s office for the City of Yonkers prior to the trial and that she rejoined that office shortly after trial. It is also not denied that *949 prior to trial defendant had served a notice of claim upon the city for injuries he had sustained arising out of this incident. The test is not whether there exists actual bias, but whether the circumstances would give the appearance of bias or whether one could reasonably imply the existence of bias (Matter of Johnson v Hornblass, 93 AD2d 732; De Camp v Good Samaritan Hosp., 66 AD2d 766). The purpose of the rule is to insure not only that a biased Judge will not sit on a judicial proceeding, but also that no reasonable person, whether or not a party to the proceeding, will suspect the existence of partiality (Scott v Brooklyn Hosp., 93 AD2d 577).
We have reviewed the other issues raised by defendant on appeal and found them to be without merit.
DiPaola, P. J., Stark and Ingrassia, JJ., concur.