■ SHERMAN LANDWEHR, Appellant-Respondent, v GREY ADVERTISING INC., Respondent-Appellant. [622 NYS2d 17] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered July 18, 1994, which denied defendant's motion for summary judgment dismissing the first cause of action and granted summary judgment dismissing the second cause of action, modified, on the law, to the extent of denying summary judgment on the second cause of action, reinstating said cause of action and otherwise affirmed, without costs.

In this "reduction of workforce" case, plaintiff has sufficiently proven a prima facie case of age discrimination under the Human Rights Law and the Administrative Code of the City of New York pursuant to the requirements enunciated in *McDonnell Douglas Corp. v Green* (411 US 792; *see, Matter of Miller Brewing Co. v State Div. of Human Rights,* 66 NY2d 937; *Ioele v Alden Press,* 145 AD2d 29). Clearly, plaintiff was part of a protected age group and was discharged by defendant *(see, Sogg v American Airlines,* 193 AD2d 153, *lv denied* 83 NY2d 754, *lv dismissed* 83 NY2d 846). Moreover, the evidence indicates that plaintiff may have been qualified for other positions in the organization which were awarded to other employees who were younger than plaintiff *(see, Morser v AT&T Information Servs.,* 703 F Supp 1072, 1081, *rearg granted* 715 F Supp 516). While defendant asserts that there were no positions which plaintiff was qualified for at the time he was discharged, a legitimate explanation for firing plaintiff,

the evidence raises material questions concerning whether defendant's reasons for terminating plaintiff were pretextual. Hence, the burdens outlined in *McDonnell Douglas* necessary to establish an age discrimination case have been fulfilled here, warranting denial of summary judgment on the age discrimination claim.

As to plaintiff's second cause of action concerning defendant's alleged retaliatory conduct in response to plaintiff's retention of counsel, the IAS Court erred in finding that such a cause of action was unavailable to plaintiff since he had already been discharged at the time of the alleged retaliatory conduct. There is no requirement that the retaliatory conduct occur against a current employee (Executive Law § 296 [1] [e]; Administrative Code of City of NY § 8-107 [7]; *see, e.g., Catalina Beach Club v State Div. of Human Rights*, 95 AD2d 766). We also note that plaintiff proffered sufficient evidence of physical and emotional harm as a result of the alleged retaliatory conduct of defendant. Concur—Rosenberger, Ross, Asch and Nardelli, JJ.

Murphy, P. J., dissents and would affirm for the reasons stated by Wilk, J.