■ In the Matter of ELECTCHESTER HOUSING PROJECT, INC., Petitioner, v MARGARITA ROSA et al., Respondents. [639 NYS2d 848]

The complainant, Helen Sudzinski, was discharged from her

job as a bookkeeper, which she had held for 27 years, in 1991 at the age of 77. The complainant contends that, after filing an age discrimination complaint with the State Division of Human Rights (hereinafter SDHR), her employer retaliated against her by contesting her right to receive unemployment insurance benefits, which it had assured her that she was entitled to receive. The Administrative Law Judge found that, while the complainant did not establish age discrimination, she did establish, through admissions by the executive officers of her employer, that the contesting of her unemployment insurance benefits was in retaliation for her filing a complaint with the SDHR.

Although no claim of retaliation was contained in the complaint, nor was the complaint amended to include such a claim, the finding of retaliation does not violate due process. The employer had notice of and an opportunity to contest the allegations that were the basis of the finding of retaliation, and the allegation of retaliation was within the ambit of the discrimination charges since retaliation is a form of discrimination under Executive Law § 296 (*see, Matter of Langhorne v Jackson,* 213 AD2d 909; *Matter of Rudner v Board of Regents,* 105 AD2d 555).

Given the facts of this case, the employer's act of contesting the complainant's right to receive unemployment insurance benefits, after assuring the complainant that she would be entitled to such benefits, solely because she filed a complaint with the SDHR was a disadvantaging employment action for the purpose establishing a claim of retaliation (*see, Johnson v Palma,* 931 F2d 203, 207 [2d Cir 1991]). We reject the employer's contentions that such conduct was within its rights and, having occurred after the discharge of the complainant, is not actionable in the context of this proceeding (*see, Landwehr v Grey Adv.,* 211 AD2d 583; Executive Law § 296 [1] [e]; Administrative Code of City of NY § 8-107 [7]; *see, e.g., Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766). The viability of the Human Rights Law and, indeed, of all civil rights laws depends on the unfettered right of those who are colorably aggrieved to file and litigate complaints. Although the complainant was ultimately unsuccessful in proving her age discrimination complaint, she reasonably believed that her employer had engaged in actionable discriminatory action, and her employer's attempt to contest benefits to which she was found to be entitled was a violation of her human rights (*see, Johnson v Palma, supra*).

The record does not support the petitioner's contention that

the Administrative Law Judge acted in a prosecutorial fashion or in a partial manner. Moreover, although the Administrative Law Judge extensively questioned all of the witnesses who appeared at the hearing, none of the questions asked by the Administrative Law Judge elicited the two admissions of retaliatory conduct that were the basis of the finding of retaliation against the employer. Therefore, even if the conduct of the Administrative Law Judge had been improper, no prejudice stemmed therefrom (*cf., Matter of Johnson v Hornblass,* 93 AD2d 732, 733; *see also, Matter of Merola v Walsh,* 75 AD2d 163).

The award of $25,000 to the complainant as compensatory damages for mental anguish and humiliation was excessive. The complainant testified that, as a result of the employer's retaliatory action, she felt bad, angry, hurt, embarrassed, and shocked. This testimony only supports an award of up to $2,500 for mental anguish and humiliation (*see, Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Div. of Human Rights,* 225 AD2d 553; *Matter of Port Washington Police Dist. v State Div. of Human Rights,* 221 AD2d 639; *Matter of Manhattan & Bronx Surface Tr. Operating Auth. v New York State Executive Dept.,* 220 AD2d 668; *Matter of New York State Dept. of Correctional Servs. v New York State Div. of Human Rights,* 215 AD2d 908; *Matter of Quality Care v Rosa,* 194 AD2d 610). Balletta, J. P., Sullivan, Joy and Krausman, JJ., concur.