■ In the Matter of JULIO BORRELL, Petitioner, v ROBERT J. HANOPHY et al., Respondents. [667 NYS2d 312] —Proceeding pursuant to CPLR article 78, *inter alia*, to prohibit the respondents from proceeding to the trial of a criminal action entitled *People v Julio Borrell*, under Queens County Indictment No. 2580/95, and to dismiss the indictment.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers (*see, Matter of Holtzman v Goldman*, 71 NY2d 564, 569; *Matter of Rush v Mordue*, 68 NY2d 348, 354).

The petitioner has failed to demonstrate a clear legal right to prohibit the respondents from proceeding to his trial under Indictment No. 2580/95 on the ground that the Justice who arraigned him was a witness to the crime alleged in the indictment. There was no statutory ground for disqualification of the arraignment Justice, and thus recusal was a matter solely within the discretion and personal conscience of the arraignment Justice (*see,* Judiciary Law § 14; *People v Moreno,* 70 NY2d 403; *People v Judkins,* 210 AD2d 523). In addition, any alleged harm to the petitioner may be adequately corrected on appeal from any judgment of conviction (*see, Matter of Rush v Mordue, supra*). Bracken, J. P., Pizzuto, Altman and Krausman, JJ., concur.