■ In the Matter of THOMAS P. ZUGIBE, Petitioner, v CATHER-INE M. BARTLETT, as Acting Supreme Court Justice of the State of New York, et al., Respondents. [881 NYS2d 307]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit Catherine M. Bartlett, an Acting Justice of the Supreme Court, Rockland County, from presiding over a criminal action entitled *People v Zelmon Silber and Andrew Dale,* pending in the Supreme Court, Rockland County, under indictment No. 2008-382.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner Thomas P. Zugibe, the District Attorney of Rockland County, commenced this proceeding to prohibit Catherine M. Bartlett, an Acting Justice of the Supreme Court, from presiding over a criminal proceeding entitled *People v Zelmon Silber and Andrew Dale,* pending in the Supreme Court, Rockland County, under indictment No. 2008-382. After disclosing to the parties an ex parte communication made to her by an acquaintance disparaging one of the codefendants during the pendency of the criminal proceeding, Acting Justice Bartlett considered recusing herself from the case to avoid the appearance of impropriety. Upon further reflection, however, Acting Justice Bartlett concluded that recusal was unwarranted and that she could serve with complete impartiality.

Contrary to the petitioner's contention, the record does not support a finding that Acting Justice Bartlett actually recused herself after disclosing the ex parte communication, or that she was otherwise disqualified under the terms of the Rules Governing Judicial Conduct (22 NYCRR) § 100.3 (E) and thus required to obtain the consent of all parties to participate in the proceeding pursuant to Rules Governing Judicial Conduct (22 NYCRR) § 100.3 (F). Absent a legal disqualification under Judiciary Law § 14, recusal is a matter solely within the discretion and

personal conscience of the court (*see People v Moreno*, 70 NY2d 403, 405-406 [1987]; *Matter of Borrell v Hanophy*, 246 AD2d 647, 648 [1998]; *Matter of Johnson v Hornblass*, 93 AD2d 732, 733 [1983]). Thus, the petitioner has failed to establish a clear right to the remedy of prohibition (*see Matter of Borrell v Hanophy*, 246 AD2d 647 [1998]; *Matter of Johnson v Hornblass*, 93 AD2d 732 [1983]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.