■ MOHAWK FINISHING PRODUCTS, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated October 24, 1978, which affirmed an order of the State Division of Human Rights dated January 17, 1978. In its findings of fact, the board stated that "There was no evidence to show that the female office workers * * * were paid on an hourly basis [as opposed to a salary basis] because of their sex, or that their terms and conditions of employment differed from male employees of [the employer] who were paid on an hourly basis" and that "The record does not show a practice on the part of [the employer] resulting in the limitation of certain higher level jobs to men". It accordingly decided that the employer "did not discriminate against Complainant and other female office workers in terms [of] conditions or privileges of employment because of their sex". Nevertheless, the board decided that the employer "discriminated against Complainant because she opposed practices forbidden by the Human Rights Law", based upon its finding that the employer suspended the complainant and thereafter "caused her to be terminated because she opposed practices which she believed to be discriminatory, in violation of the Human Rights Law." In view of the board's finding that the employer did not discriminate against the complainant because of her sex, we find the board's decision to be inconsistent and confusing. Section 296 (subd 1, par [e]) of the Executive Law makes it an unlawful discriminatory practice for an employer to discharge or otherwise discriminate against an employee because he has opposed practices forbidden by the Human Rights Law. Since the board found that the employer herein did not discriminate against its female office workers, and thus did not engage in a practice forbidden by the Human Rights Law, the decision on its face appears inconsistent. We, therefore, annul the determination and remit the matter to the board for the purpose of clarifying its findings of fact and decision. Determination annulled, without costs, and matter remitted to the State Human Rights Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Main and Herlihy, JJ., concur.

Mikoll, J., dissents and votes to confirm in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. Complainant initiated a petition signed by her and other female employees alleging discriminatory practices by the employer against female employees in hiring practices and work benefits. The employer called claimant into his office about the petition and, after an angry confrontation, the employer suspended her for three days. In answer to a question of why he gave her three days off without pay, he said, "Because I think she should have come to me if she wanted something different, or the office manager or the general manager, instead of this." He admitted that complaints made by other employees do not result in suspensions of such employees. The appeal board found that though the employer was not guilty of discrimination based on sex against complainant and other female office workers, he did discriminate against complainant because she opposed practices which she believed to be discrim-

inatory in violation of the Human Rights Law. There is no inconsistency in these findings. Even though the appeal board found that complainant erred in the conclusions she made about the practices of her employer vis-à-vis female workers, there is substantial evidence in the record for the conclusion made by the appeal board that claimant was suspended and terminated for her temerity in lodging such a complaint. Section 296 (subd 1, par [e]) of the Executive Law provides: "1. It shall be an unlawful discriminatory practice: * * * (e) For any employer * * * to discharge, expel or otherwise discriminate against any person because he has *opposed* any practices forbidden under this article or because he has filed a complaint, testified or assisted in any proceeding under this article." (Emphasis added.) The finding of personal discrimination against the claimant by the appeal board in violation of this section is factually supported by substantial evidence. As finders of the facts, the conclusions of the appeal board must be upheld if based on substantial evidence *(Matter of Heron v Albany Law School of Union Univ.,* 57 AD2d 672). The determination should be confirmed.