■ In the Matter of MOHAWK FINISHING PRODUCTS, INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated March 16, 1981, which affirmed an order of the State Division of Human Rights finding petitioner guilty of an unlawful discriminatory practice. Following her suspension without pay resulting from having circulated a petition alleging discrimination by her employer against female employees in hiring practices and work benefits, complainant filed a verified complaint with the State Division of Human Rights alleging that petitioner discriminated against her on the basis of sex in violation of section 296 (subd 1, par [a]) of the Executive Law. Although the division found no discrimination on the basis of sex, it nevertheless concluded that petitioner discriminated against complainant because she opposed practices forbidden by the Human Rights Law (Executive Law, § 296, subd 1, par [e]; subd 3-a, par [c]; subd 7). The State Human Rights Appeal Board affirmed the division's order and petitioner sought review of that determination by commencing a proceeding in this court. Holding that there was an apparent inconsistency between a finding of retaliation for having opposed unlawful discrimination and the finding that petitioner had not been guilty of the sex discrimination alleged, we annulled the board's determination and remitted the matter to the board for the purpose of clarifying its findings of fact and decision (70 AD2d 1016, app dsmd 48 NY2d 1027, mot for lv to app den 49 NY2d 702). On remand, the board did not clarify its findings of fact and decision. Instead, it merely concluded that the division's order was supported by substantial evidence and affirmed the order. The instant proceeding pursu-

ant to section 298 of the Executive Law was then commenced. Having been given the opportunity to clarify its prior determination and failing to do so, we can only conclude that the board finds no inconsistency in its findings of fact and believes that section 296 of the Executive Law affords protection to those persons who oppose practices which they mistakenly believe to be forbidden under the Human Rights Law (see *Mohawk Finishing Prods. v State Div. of Human Rights,* 70 AD2d 1016, 1016-1017 [Mikoll, J., dissenting]). We have already held to the contrary. Thus, since the finding that petitioner did not discriminate against complainant and other female office workers on the basis of sex is supported by substantial evidence, petitioner cannot be found to have retaliated against complainant for having opposed an unlawful practice. Accordingly, the board's determination finding petitioner guilty of an unlawful discriminatory practice must be annulled. We should note that this holding will not frustrate the purposes behind the Human Rights Law and the liberal construction which is to be given thereto (Executive Law, § 300). Contrary to respondents' contention, it will not force those employees who feel victimized by unlawful discrimination to act at their peril in trying to expose and eradicate such practices. Section 296 (subd 1, par [e]; subd 3-a, par [c]; subd 7) of the Executive Law makes it an unlawful discriminatory practice to retaliate against anyone "because he has opposed any practices forbidden under [the Human Rights Law] *or because he has filed a complaint, testified or assisted in any proceeding under [the Human Rights Law]"* (emphasis added). Thus, while our decision in this case makes clear that the propriety of action taken against an employee who believes he is opposing forbidden practices will depend upon whether the practices are, in fact, unlawful, it in no way abridges the absolute protection afforded those who seek redress by the commencement of an administrative proceeding (see *Bethlehem Steel Corp. v New York State Div. of Human Rights,* 36 AD2d 898). Finally, our holding in this case is not inconsistent with *State Div. of Human Rights v City of Niagara Falls* (42 NY2d 875, affg 52 AD2d 1065). In that case, it was found as a matter of fact that retaliation was *not* the basis for the employer's conduct and thus the question of whether a person is protected who believed he was opposing forbidden practices was never reached. Determination annulled, and petition granted, without costs. Mahoney, P.J., Main, Casey and Yesawich, Jr., JJ., concur.

Mikoll, J., dissents and votes to confirm in the following memorandum. Mikoll, J. (dissenting). I dissent and vote to confirm the determination for the reasons set forth in my dissent in *Mohawk Finishing Prods. v State Div. of Human Rights* (70 AD2d 1016, app dsmd 48 NY2d 1027, mot for lv to app den 49 NY2d 702).