OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
It is not necessary for us on this appeal to decide what is the applicable standard for determining whether an employer has discriminated against an employee under our State statute because the employee opposed a practice *894 forbidden under the Human Rights Law (Executive Law, § 296, subd 1, par [e]; subd 3-a, par [c]; subd 7) — i.e., whether it is the standard invoked by the Federal courts under the Federal legislation (that charges of retaliatory discrimination may be sustained if there is a finding that the employee believed that the employer had engaged in a forbidden practice and that there was a reasonable basis for such belief), or the rule applied in the Appellate Division in this case under our State statute (that such charges may be sustained only if it is later determined that the practice in question was indeed statutorily forbidden).
In this case, already once remitted to the appeal board “for the purpose of clarifying its findings of fact and decision” (70 AD2d 1016), neither the commissioner nor the board made a finding that there was a reasonable basis for complainant’s belief that the employer’s practices were forbidden. The only finding was that complainant “believed” that the practices were in violation of the statutory proscription. The board and complainant chose to proceed on the basis of this finding alone. It is not, however, a sufficient finding under the Federal standard. We could now make a factual determination that there was a reasonable basis for complainant’s belief only if we were to do so as a matter of law, but the record before us justifies no such determination. The Appellate Division standard was not met inasmuch as it was determined that the practices of which the employee complained did not in fact violate the Human Rights Law.
Accordingly, inasmuch as the board has met neither the Federal nor the Appellate Division standard in this case, there is no sufficient basis for the determination that this employer discriminated against complainant because she opposed practices forbidden by the Human Rights Law, and there is no need to determine which is the applicable standard.