■ In the Matter of NORTHERN ORCHARD COMPANY, INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS, Respondent.— Mercure, J. Proceeding pursuant to Executive Law § 298 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent State Division of Human Rights which, *inter alia,* found petitioner guilty of an unlawful discriminatory practice relating to employment based on sex.

Following a hearing, respondent's Commissioner made a determination that complainant, Po Ye Mace, was discharged from her employment in petitioner's apple-packing facility as the result of sex discrimination and awarded her back pay and $25,000 damages for "hurt, humiliation and mental anguish". In this proceeding, petitioner challenges the Commissioner's finding of discrimination and the award of damages for mental anguish.

Initially, we reject the contention that there is not substantial evidence in the record to support the finding that petitioner discriminated against complainant based upon sex. Although sharply contradicted, complainant's testimony at the hearing provided a factual basis for the finding that Richard Frenyea, one of petitioner's foremen, exposed himself and made sexual overtures to her. Furthermore, petitioner's president acknowledged that complainant's accusations against Frenyea were the ultimate cause for her discharge and conceded that complainant had been fired before she was given an opportunity to state her version of the events. Therefore, the record supports a finding that conduct directly attributable to the employer formed the basis for the discriminatory acts *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 633; *cf., Matter of Totem Taxi v New York State Human Rights Appeal Bd.,* 65 NY2d 300, 305).*

Turning to the award of damages, we agree with petitioner that there is no factual support in the record for the award for "hurt, humiliation and mental anguish". Although an award for mental anguish may be based solely on the complainant's testimony *(see, Cullen v Nassau County Civ. Serv.*

*Commn.,* 53 NY2d 492, 497), damage may not be presumed because of the nature of the discrimination itself *(supra).* Since "sensitivity or stoicism, as the case may be, is as variable and individualistic in its existence and in its degree as are human beings" *(supra,* at 497), there must be evidence of the effect of the discrimination upon complainant, the nature and duration of her condition and its severity or consequences *(see, Matter of Cosmos Forms v State Div. of Human Rights,* 150 AD2d 442).

Therefore, a complainant's conclusory testimony that he "felt discriminated against" and "felt very distressed" without "indication of the length of time these consequences were suffered or the frequency thereof" will not support an award of damages for mental anguish *(State Div. of Human Rights v Goodwill Indus.,* 129 AD2d 995, *lv dismissed* 70 NY2d 1001). To be contrasted are those cases where a complainant testified as to the nature and consequences of the condition caused by the discrimination. Thus, testimony that she was "hurt and upset" *(Moore v State Div. of Human Rights,* 154 AD2d 823, 824 [award of $2,500]), "suffered from headaches" *(Matter of Almeter v State Div. of Human Rights,* 133 AD2d 530 [award of $1,500]), had "difficulty sleeping" and "serious migraine headaches" *(Matter of Board of Educ. v State Div. of Human Rights,* 109 AD2d 988, 990 [award of $5,000]), or suffered from "nausea, insomnia, stomach cramps and tension headaches" *(Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766, 767 [award of $1,500]) has supported an award of damages for mental anguish.

Here, with the exception of testimony that she was "shocked" to see Frenyea's exposed genitals, which we take as evidence of nothing more than momentary surprise, complainant offered no evidence as to the effect which Frenyea's acts or her subsequent discharge had upon her. Under the circumstances, the award of damages for mental anguish may not stand *(see, Cullen v Nassau County Civ. Serv. Commn., supra; State Div. of Human Rights v Goodwill Indus., supra).*

We have examined petitioner's remaining contentions and find them to be without merit.

Determination modified, without costs, by annulling the award of $25,000 damages for hurt, humiliation and mental anguish, and, as so modified, confirmed. Mahoney, P. J., Kane, Yesawich, Jr., and Mercure, JJ., concur.