In the Matter of NEW YORK STATE OFFICE OF MENTAL RETAR-
DATION AND DEVELOPMENTAL DISABILITIES (STATEN ISLAND
DEVELOPMENT CENTER), Petitioner, v NEW YORK STATE
DIVISION OF HUMAN RIGHTS et al., Respondents.

Third Department, November 21, 1990

APPEARANCES OF COUNSEL

*Paul R. Kietzman (Richard P. Wolfe* of counsel), for petitioner.

*Lawrence Kunin (Rosamond Prosterman* of counsel), for respondents.

## OPINION OF THE COURT

MAHONEY, P. J.

Respondent George Sigalos (hereinafter respondent) was employed by petitioner as a senior personnel administrator. After respondent was passed over for promotion to a provisional associate personnel administrator, he filed a complaint with respondent State Division of Human Rights (hereinafter the Division) alleging that he was not promoted in retaliation for opposing practices forbidden by the Human Rights Law *(see,* Executive Law § 296 [1] [e]) and because of discrimination based on sex and creed *(see,* Executive Law § 296 [1] [a]). Following a hearing, an Administrative Law Judge recommended findings of discrimination in retaliation for respondent's opposition to forbidden practices but no discrimination based on sex and creed. The Division's Commissioner adopted these findings and ordered respondent's provisional appointment to associate personnel administrator, back pay and, *inter alia,* $10,000 for mental anguish. This proceeding was com-

menced to challenge the determination and it has been transferred to this court for resolution *(see,* CPLR 7804 [g]).

Petitioner contends that the record fails to support a determination of retaliation, relying essentially on our decision in *Matter of Mohawk Finishing Prods. v State Div. of Human Rights* (83 AD2d 970, *affd* 57 NY2d 892). In *Matter of Mohawk,* we held that charges of discriminatory retaliation may be sustained only if the practice at issue later was determined to be statutorily forbidden. On appeal, however, the Court of Appeals explicitly failed to resolve the proper standard applicable in discriminatory retaliation cases. The court found it unnecessary in resolving the appeal to adopt the standard specified by this court or that invoked by Federal courts under comparable Federal legislation, which would find discriminatory retaliation if the employee reasonably believed that the employer had engaged in unlawful discriminatory practices *(supra,* at 894). It, therefore, remains an open question as to the proper standard in a retaliatory discrimination case such as this.

■ Upon reflection, we are of the view that the reasonable belief standard is appropriate. Considering the remedial nature of the Human Rights Law and an explicit statutory admonition to construe the law liberally *(see,* Executive Law § 300), it strikes us that a person who suffers retaliation after reasonably acting to protect others from forbidden discrimination should be protected. Otherwise, employees would be hesitant to raise objections to questionable practices, a result contrary to the purposes of the Human Rights Law. The standard enunciated in our decision in *Matter of Mohawk (supra)* now seems too strict and at odds with the need for broad interpretations of the Human Rights Law. For these reasons, we adopt what has been identified above as the Federal standard for retaliatory discrimination cases.

Applying this standard to the facts of this case, we conclude that there is substantial evidence to support the determination. There is evidence, credited by the Commissioner, that respondent took steps to ensure that various employees did not suffer the consequences of practices he thought forbidden by the Human Rights Law. There is nothing in the record to show that respondent did not reasonably believe these practices forbidden. Indeed, in his decision, the Commissioner refers to these practices as violating the Human Rights Law. Since the Division is granted discretion to resolve conflicting testimony *(see, Matter of New York City Bd. of Educ. v*

*Batista,* 54 NY2d 379, 384) and our role is limited to assessing whether the determination is supported by substantial evidence *(see, Matter of State Div. of Human Rights v County of Onondaga Sheriff's Dept.,* 71 NY2d 623, 631), we believe that the finding of discriminatory retaliation should be upheld.

■ As to petitioner's challenge to the remedy, we recognize that the Human Rights Law specifically provides for hiring, back pay and compensatory damages *(see,* Executive Law § 297 [4] [c] [ii], [iii]). It strikes us that the award of appointment with back pay falls squarely within the wide latitude enjoyed by the Commissioner to fashion an appropriate remedy *(see, Matter of Imperial Diner v State Human Rights Appeal Bd.,* 52 NY2d 72, 79). Our view of the record, however, reveals an absence of any proof that respondent suffered any ill effect from the discrimination. In the absence of any proof of mental anguish, the award of $10,000 cannot be sustained *(see Matter of Northern Orchard Co. v State Div. of Human Rights,* 161 AD2d 846).

KANE, CASEY, LEVINE and MERCURE, JJ., concur.

Determination modified, without costs, by annulling the award of $10,000 for mental anguish, and, as so modified, confirmed.