**Melanie SACAY, Plaintiff,**

v.

**THE RESEARCH FOUNDATION OF THE CITY UNIVERSITY OF NEW YORK, City University of New York, Brooklyn College, Christine L. Persico, and Mary Rose Morris, Defendants.**

**No. 97 CV 4002(NG).**

United States District Court, E.D. New York.

April 29, 1999.

Antonia Kousoulas, Antonia Kousoulas & Associates, New York City, for plaintiff.

Catherine Maria McGrath—Research Foundation of NY, New York City, Jeanne Lahiff—NY State Dept. of Law, New York City, for defendants.

## ORDER

GERSHON, District Judge.

Plaintiff Melanie Sacay brings this action against the Research Foundation of the City University of New York, the City University of New York, Brooklyn College, Assistant Dean for Brooklyn College Christine Persico, and Director of the Office of Adult and Continuing Education at Brooklyn College Mary Rose Morris for retaliation under the American with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.;* the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq.;* the New York State Human Rights Law ("NYSHRL"), N.Y.Exec.Law §§ 290 *et seq.;* the New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York, §§ 8–101 *et seq.;* and 42 U.S.C. § 1983. Plaintiff alleges retaliation in the form of "effective termination" for her support of her mother Valerie Sacay's right to redress her discrimination claims. Valerie Sacay has brought an action against the same defendants claiming discrimination based upon disability and retaliation under the above-listed federal statutes and state and city laws. *Sacay v. The Research Foundation of the City University of New York,* 97 CV 4006, 44 F.Supp.2d 496. By order of today's date, Valerie Sacay's action is being dismissed with leave to amend the complaint.

Defendants Research Foundation of the City University of New York and Mary

Rose Morris move for judgment on the pleadings as to all of Melanie Sacay's claims except for those brought under Section 1983. On oral argument, plaintiff clarified that she is not pursuing Section 1983 claims against defendants Research Foundation and Morris. Also on oral argument, remaining defendants City University of New York, Brooklyn College, and Christine Persico requested permission to join in the present motion and to rely exclusively on the arguments presented by defendants Research Foundation and Mary Rose Morris. Finally, plaintiff requested leave to amend her complaint in the event defendants' motion is granted.

## FACTS

All of the following facts are taken from plaintiff's complaint.

Plaintiff Melanie Sacay was hired in May of 1990 as a Marketing Assistant at the Office of Adult and Continuing Education at Brooklyn College. She was appointed to the full-time position of Evening Supervisor and Marketing Assistant in October 1990. While at this position, plaintiff "diligently performed" all of her duties and often received praise for the quality of her work from defendant Christine L. Persico, her supervisor. Complaint at ¶ 11. She was promoted to Assistant Director of Program Operations in December 1994 which carried a salary increase to take effect on January 1, 1995. Complaint at ¶ 11. Plaintiff notes that the December 7, 1994 letter promoting her to this position included commendations from defendants Persico and Mary Rose Morris for plaintiff's "dedication and outstanding job performance." Complaint at ¶ 11. Plaintiff performed all of her duties in her capacity as Assistant Director for Program Operations in an "exemplary and dedicated manner, often working extended hours and frequently receiving compliments from her supervisors defendants Persico and Morris." She asserts that she never once received a negative evaluation. Complaint at ¶ 12.

Plaintiff's mother Valerie Sacay was first hired by the same office on May 1, 1989 and continued working at the same office as plaintiff through December 1994. Plaintiff's mother suffers from the following disabilities "which at all times relevant herein had been known to defendants:" complex partial seizure disorder, heart problems, degenerative disc disease, hypertension, irritable bowel syndrome, acute gastritis and duodenal ulcer. Plaintiff's mother, accompanied by her attorney, met with defendants Persico, Morris, John Zammo of the Research Foundation and their respective lawyers at a meeting held on May 24, 1995 that Valerie Sacay believed was for the purpose of discussing reasonable accommodations for her disabilities. Rather than consider Mrs. Sacay's requests, defendants Persico and Morris informed Valerie Sacay that her job would be terminated effective that day. Complaint at ¶ 14.

Immediately following the May 24, 1995 meeting, "swift" repercussions led to plaintiff's demotion and constructive termination. Complaint at ¶ 15. Defendant Persico made a "caustic" comment to plaintiff on May 25, 1995 about "people with disabilities suing [the College] because they couldn't read the catalog." Complaint at ¶ 16. On May 26, 1995, plaintiff received a "surprisingly formal 'inter-college' memorandum" from defendants Persico and Morris requiring her to complete a number of previously discussed assignments, to which plaintiff agreed. Complaint at ¶ 17.

On May 30, 1995, two working days after defendants' May 24, 1995 meeting with plaintiff's mother, plaintiff was advised that she was to be temporarily transferred to a different location effective immediately, and that she should not return to her office to collect her personal items. Complaint at ¶ 18. Defendant Persico informed plaintiff that it was uncertain whether her employment would continue beyond the "temporary" transfer period. Persico told plaintiff that defendants

Brooklyn College and the Research Foundation were now involved in an "ugly and difficult situation" with plaintiff's mother, and plaintiff was being removed and transferred from the Adult and Continuing Education Office. Persico further stated that plaintiff had been a valued and hard-working employee, and there was no reason for her transfer other than the situation with her mother. Complaint at ¶ 19. Unbeknownst to plaintiff, prior to May 30, 1995 her desk had been cleared, her personal items and papers confiscated, and the locks to the office had been changed. Complaint at ¶ 18.

On June 5, 1995, plaintiff delivered a memorandum to Persico in which she "reiterated" her "vocal support of her mother's right to pursue any legal option available to redress her discrimination claims." Complaint at ¶ 20. Plaintiff received a response from Persico on June 9, 1995 confirming defendants' decision to transfer plaintiff to another location. In a letter dated June 14, 1995, but received by plaintiff on July 12, 1995, Persico notified plaintiff of her three month appointment with the BEGIN Work Study Programs at 80 Willoughby Street. Plaintiff described the job description for this appointment as being "devoid of any supervisory responsibilities or any duties rising to the level of work that plaintiff has previously performed, and was, in effect, a demotion." Complaint at ¶ 20. The new "staff position" would take plaintiff away from the Brooklyn College campus and, according to plaintiff, represented a demotion given the change in location, status, supervisory responsibilities and chain of command. Complaint at ¶ 21. Plaintiff was "effectively terminated from her position as Assistant Director at the Office of Adult and Continuing Education and was "constructively discharged" from her employment with the Research Foundation on July 21, 1995." Complaint at ¶ 23. It is unclear from the face of the complaint whether plaintiff worked at the 80 Willoughby Street location after her transfer.

## DISCUSSION

### Standard of Review

"Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir.1988). The standard of review for a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994). Accordingly, a court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir.1992). A court may consider the exhibits attached to the complaint, as well as the allegations of the complaint in reviewing a motion to dismiss. *See Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir.1993). The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *See Sheppard*, 18 F.3d at 150.

### Retaliation Under the ADA, the Rehabilitation Act, NYSHRL, and NYCHRL

In order to state a claim for retaliation under the ADA or the Rehabilitation Act, plaintiff must show that: (1) she engaged in an activity protected by the statutes; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *See, e.g., Sands v. Runyon*, 28 F.3d 1323, 1331 (2d Cir. 1994). New York courts apply the same analysis for retaliation claims under State and New York City laws as are applied in federal employment cases. *See Hendler v. Intelecom USA, Inc.*, 963 F.Supp. 200, 212 (E.D.N.Y.1997) (citing *New York State Of-*

*fice of Mental Retardation & Developmental Disabilities v. New York State Div. Of Human Rights*, 164 A.D.2d 208, 563 N.Y.S.2d 286 (3d Dep't 1990)).

Protected activities under both the ADA and the NYSHRL include the filing of a complaint with the EEOC and opposition by employees against an employer's discriminatory practices. *See Parker v. Sony Pictures Entertainment, Inc.*, 19 F.Supp.2d 141, 152 (S.D.N.Y.1998). Such opposition may take the form of making complaints to management or expressing support of co-workers who have filed formal charges. *See Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 209 (2d Cir.1990). The plaintiff is not required to establish that the conduct she opposed was in fact discriminatory; instead, a plaintiff must show only a "good faith, reasonable belief that the ... challenged actions of the employer violated the law." *Manoharan v. Columbia Univ. College of Physicians & Surgeons*, 842 F.2d 590, 593 (2d Cir.1988) (citations omitted). "The reasonableness of the plaintiff's belief is to be assessed in light of the totality of the circumstances." *Galdieri–Ambrosini v. National Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir.1998).

■ In order to satisfy the remaining elements of a retaliation claim, plaintiff must show that she suffered an adverse employment action and that this action was causally related or linked to her protected activities. An adverse action must affect the "terms, privileges, duration, or conditions of [her] employment." *Dortz v. City of New York*, 904 F.Supp. 127, 156 (S.D.N.Y.1995). A lateral transfer involving similar pay and benefits but a change in responsibilities can be found to represent an adverse employment action. *See de la Cruz v. New York City Human Resources Admin. Dep't of Social Serv.*, 82 F.3d 16, 21 (2d Cir.1996). A causal connection between the protected activity and the adverse employment action can be "established indirectly with circumstantial evidence" by showing that "the protected activity was followed by discriminatory

treatment ... or directly through evidence of retaliatory animus." *Sumner*, 899 F.2d at 209. The plaintiff's burden in stating a retaliation claim is slight; she may establish a prima facie case with de minimis evidence. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 465 (2d Cir.1997).

■ The facts alleged in the complaint do not establish a prima facie case of retaliation. The sole protected activity upon which plaintiff relies is her memorandum dated June 5, 1995 to defendants supporting her mother's assertion of disabilities and her right to pursue a claim of discrimination based on these disabilities. On oral argument, plaintiff confirmed that she does not rely on the filing of her EEOC complaint as an instance of protected activity because she filed it after the alleged adverse employment action, and she acknowledged the absence of any allegations of protected activity other than the June 5 memorandum.

Plaintiff argues that the "close proximity of plaintiff's letter requesting fair treatment for herself and reiterating her support of her mother's claims" and Persico's letter in response affirming plaintiff's transfer suggests a "causal connection between plaintiff's protected activity and the decision to demote her." Pltf. Br. at 7. Reviewing the sequence of events as pleaded in plaintiff's complaint, however, the June 5 memorandum to defendants comes too late in time to suggest that there was any causal relationship between plaintiff's protected activity and her employers' decision to transfer plaintiff out of the office. Defendants informed plaintiff of her temporary transfer to 80 Willoughby Street on May 30, 1995. This was after their May 24th meeting with plaintiff's mother but before plaintiff wrote her memorandum on June 5.

Therefore, as presently pleaded, plaintiff's complaint fails to establish a prima facie case of retaliation, and defendants' motion must be granted. However, on oral argument, plaintiff's counsel ex-

pressed the possibility that protected activity, in the form of oral complaints regarding her mother's treatment, had occurred earlier than May 30, 1995. Accordingly, plaintiff will be granted leave to amend the complaint.

Although belated, the remaining co-defendants City University of New York, Brooklyn College and Christine Persico have moved to join in the motion for judgment on the pleadings. As the arguments proffered by defendants Research Foundation and Morris apply equally to co-defendants, and the delay in moving does not prejudice plaintiff, co-defendants' request to join in the motion is granted and plaintiff's claims against co-defendants will likewise be dismissed with leave to replead.

### Conclusion

All defendants' motions for judgment on the pleadings are granted in their entirety and all claims against all defendants are dismissed. Plaintiff's motion for leave to amend her complaint is granted as to all defendants, except as to the individual defendants Morris and Persico for claims under the federal laws; as to these claims, amendment will not be permitted. Any amended complaint must be served and filed within 20 days from the date of this Order.

**SO ORDERED.**