■ PATRICIA CUMMINGS et al., Appellants, v WATERTOWN LODGE NO. 496 BENEVOLENT AND PROTECTIVE ORDER OF ELKS OF UNITED STATES OF AMERICA, INC., et al., Respondents, et al., Defendants. [693 NYS2d 786] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: We agree with Supreme Court that Watertown Lodge No. 496 Benevolent and Protective Order of Elks of the United States of America, Inc. and Exalted Ruler John P. Bruce (defendants) did not violate Executive Law § 296 (2) (a) in denying plaintiffs' application for membership because the Elks Lodge is not a place of public accommodation, but rather is "distinctly private" (Executive Law § 292 [9]; *see, Gifford v Guilderland Lodge, No. 2480,* 178 Misc 2d 707, 710). The court erred, however, in granting the motion of defendants insofar as it sought dismissal of the complaint against them rather than declaring the rights of the parties (*see, Maurizzio v Lumbermens Mut. Cas.*

*Co.*, 73 NY2d 951, 954; *Pless v Town of Royalton*, 185 AD2d 659, 660, *affd* 81 NY2d 1047). We therefore modify the judgment by reinstating the complaint and granting judgment in favor of defendants declaring that defendants did not violate Executive Law § 296 (2) (a). (Appeal from Judgment of Supreme Court, Jefferson County, Hurlbutt, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Hayes, Scudder and Balio, JJ.