■ PATRICIA DODD, Respondent, v MIDDLETOWN LODGE (ELKS CLUB) No. 1097, Appellant. [695 NYS2d 115] —In an action, inter alia, to recover damages for violation of Executive Law § 296, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated October 8, 1998, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's first cause of action to recover damages for retaliatory discharge pursuant to Executive Law § 296 (1) (e).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for

summary judgment dismissing the first cause of action to recover damages for retaliatory discharge pursuant to Executive Law § 296 (2) is granted, and that cause of action is dismissed.

The plaintiff, Patricia Dodd, was employed as a bartender at the defendant Middletown Lodge (Elks Club) No. 1097. In 1996 the plaintiff sought membership in the lodge, but her application was denied. She then brought a lawsuit (hereinafter the first lawsuit) against the defendant alleging that her application had been denied by reason of gender, in violation of Executive Law § 296 (2) which, *inter alia*, prohibits gender discrimination by a "place of public accommodation". The first lawsuit was dismissed on the ground that the provisions of the Executive Law § 296 (2) are not applicable to the defendant which is statutorily "deemed to be in its nature distinctly private" (Executive Law § 292 [9]). On appeal, this Court affirmed the order dismissing the complaint (*see, Dodd v Middletown Lodge [Elks Club],* 251 AD2d 534).

Subsequent to the filing of the first lawsuit, the defendant discharged the plaintiff from her position. Thereafter, she commenced the present lawsuit alleging, *inter alia*, that she had been fired in retaliation for bringing the first lawsuit and that the retaliatory discharge was in violation of Executive Law § 296 (1) (e). The Supreme Court denied the defendant's motion for summary judgment. We now reverse the order insofar as appealed from.

In order to assert a viable claim of retaliatory discharge pursuant to Executive Law § 296 (1) (e), an employee must demonstrate that there was a reasonable basis to believe that his or her employer engaged in an actionable discriminatory practice and that as a result of the employee's opposition to that practice, the employer discharged the employee (*see, Edwards v Board of Trustees,* 254 AD2d 709; *Matter of Electchester Hous. Project v Rosa,* 225 AD2d 772; *Matter of New York State Off. of Mental Retardation & Dev. Disabilities v New York State Div. of Human Rights,* 164 AD2d 208; *Hendler v Intelecom USA,* 963 F Supp 200; *see also, Matter of Mohawk Finishing Prods. v State Div. of Human Rights,* 57 NY2d 892).

Here, however, as a matter of law, there was no reasonable basis for the plaintiff to have believed that the defendant engaged in any discriminatory practice forbidden by the Executive Law when it denied her membership application, since Executive Law § 292 (9) explicitly excludes benevolent organizations such as the defendant from the mandate of Executive Law § 296 (2) (*see,* Executive Law § 292 [9]; Benevolent Orders Law § 2 [10]). Indeed, it was this very exclusion which resulted

in the summary dismissal of the first lawsuit. Therefore, since the plaintiff was not even "colorably aggrieved" under Executive Law § 296 (2) by the defendant's denial of her membership application, there was no basis for a claim of retaliatory discharge in violation of Executive Law § 296 (1) (e) (*see, Matter of Electchester Hous. Project v Rosa, supra,* at 773). Accordingly, the defendant is entitled to dismissal of the cause of action based upon retaliatory discharge. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.