■ BARBARA L. GIFFORD, Respondent-Appellant, v GUILDER-LAND LODGE, NO. 2480, B.P.O.E., INC., et al., Appellants-Respondents, et al., Defendants. [707 NYS2d 722] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered October 14, 1998 in Albany County, which, *inter alia*, partially granted certain defendants' motions for summary judgment dismissing the complaint against them.

In September 1995, defendant Benevolent and Protective Order of the Elks of the United States of America, Grand Lodge (hereinafter the Grand Lodge) amended its constitution to permit females to be eligible for membership. Following the amendment, plaintiff, who had for many years been active in the Ladies' Auxiliary of defendant Guilderland Lodge, No. 2480, B.P.O.E., Inc. (hereinafter the Guilderland Elks Lodge), applied for membership in the Guilderland Elks Lodge. At the time of plaintiff's application, two male applicants also sought membership. Ultimately, plaintiff's application was denied while the applications of the two males were accepted.

Thereafter, plaintiff commenced this action against the Guilderland Elks Lodge and its officers and trustees (hereinafter collectively referred to as the Guilderland Elks), defendant New York State Elks Association and its president (hereinafter collectively referred to as the State Elks), and the Grand Lodge and its Exalted Ruler. In her complaint, plaintiff alleged violations of the Human Rights Law (first, second and third causes of action), violations of the constitution and bylaws of the Grand Lodge (fourth cause of action), a claim for prima facie tort (fifth cause of action) and a claim for intentional infliction of emotional distress (sixth cause. of action). Following joinder of issue, all defendants named in the action moved for sum-

mary judgment dismissing the complaint in its entirety. They argued, *inter alia*, in regard to the first, second and third causes of action, that the Guilderland Elks Lodge was not a place of public accommodation and, therefore, that it was exempt from the Human Rights Law and, with respect to the fourth cause of action, that plaintiff lacked standing to assert violations of the Grand Lodge's constitution and bylaws. Supreme Court dismissed all of plaintiff's causes of action, except for the fourth cause of action as asserted against the Guilderland Elks. The Guilderland Elks appeal from Supreme Court's order denying their motion to dismiss plaintiff's fourth cause of action and plaintiff cross-appeals from so much of the order as dismissed her first, second and third causes of action against the Guilderland Elks.

Turning to the dismissal of plaintiff's first, second and third causes of action, we agree with Supreme Court that the Guilderland Elks Lodge is not a place of public accommodation within the meaning of the Human Rights Law. Executive Law § 292 (9) defines places of public accommodation, resort or amusement which are subject to the provisions of the Human Rights Law but exempts "any institution, club or place of accommodation which proves that it is in its nature distinctly private". The statute qualifies the exemption by providing that: "In no event shall an institution, club or place of accommodation be considered in its nature distinctly private if it has more than one hundred members, provides regular meal service and regularly receives payment for dues, fees, use of space, facilities, services, meals or beverages directly or indirectly from or on behalf of a nonmember for the furtherance of trade or business" (Executive Law § 292 [9]). The statute concludes with the blanket proviso that "a corporation incorporated under the benevolent orders law or described in the benevolent orders law but formed under any other law of this state or a religious corporation incorporated under the education law or the religious corporations law *shall be deemed* to be in its nature distinctly private" (Executive Law § 292 [9] [emphasis supplied]).

It is undisputed that the Guilderland Elks Lodge is an organization formed under the Benevolent Orders Law (*see*, Benevolent Orders Law § 2 [10]). Plaintiff, however, contends that the exempt status of the Guilderland Elks Lodge is subject to the qualifying conditions set forth earlier in the statute with respect to membership size, meal service and the provision of space, facilities and services to nonmembers. We find the argument unpersuasive. A plain reading of the statute reveals that

the exemption for organizations formed pursuant to the Benevolent Orders Law is absolute and not subject to limitation. This interpretation accords with the legislative intent behind the amendment deeming religious corporations and benevolent orders to be "distinctly private" (*see,* Bill Jacket, L 1994, ch 262). Furthermore, it is consistent with the construction of the statute adopted by other appellate courts (*see, Dodd v Middletown Lodge [Elks Club] No. 1097,* 264 AD2d 706; *Cummings v Watertown Lodge No. 496 Benevolent & Protective Order of Elks,* 262 AD2d 1007). Inasmuch as we find that the Guilderland Elks Lodge is not a place of public accommodation, Supreme Court properly dismissed plaintiff's causes of action alleging violations of the Human Rights Law.

With respect to plaintiff's fourth cause of action alleging violation of the Grand Lodge's constitution and bylaws, the Guilderland Elks assert that plaintiff lacks standing to maintain such a claim. Under the unique circumstances presented herein, we disagree. Having been denied membership in the Guilderland Elks Lodge, plaintiff can certainly claim that she suffered injury in fact, one prerequisite to obtaining standing (*see, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-773; *see also, Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9). In addition, inasmuch as the amendment to the Grand Lodge's constitution and bylaws was clearly enacted for the benefit of prospective female members, plaintiff is within the protected zone of interest, a second requirement for standing (*see, Society of Plastics Indus. v County of Suffolk, supra,* at 773; *see also, Matter of Dairylea Coop. v Walkley, supra,* at 9). Therefore, we conclude that dismissal of plaintiff's fourth cause of action against the Guilderland Elks was properly denied.

Mercure, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs. [*See,* 178 Misc 2d 707.]