Appeals from a judgment of Supreme Court, Erie County (Makowski, J.), entered September 13, 2002, which granted the CPLR article 78 petition.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination of the Graduate Medical and Dental Education Consortium of Buffalo (GMD) to eliminate its Otolaryngology Residency Training Program (ORTP). Petitioner alleges, inter alia, that the determination was made in violation of lawful procedure under GMD’s bylaws. Supreme Court erred in denying respondents’ respective motion to dismiss and objections in point of law and in granting the petition. The alleged injuries to petitioner’s medical career resulting from the determination to eliminate the ORTP fall outside the zone of interests protected by GMD’s bylaws (see generally Society of Plastics Indus, v County of Suffolk, 77 NY2d 761, 773-774 [1991]; Matter of Brighton Residents Against Violence to Children v MW Props., 304 AD2d 53, 56-57; cf. Gifford v Guilderland Lodge, No. 2480, B.P.O.E., 272 AD2d 721, 723 [2000]). Further, petitioner’s interest in the adherence of GMD to its own bylaws “represents nothing more than a concern for the protection of the general public,” which is insufficient to confer standing on petitioner (Matter of Sheehan v Ambach, 136 AD2d 25, 28 [1988], lv denied 72 NY2d 804 [1988]).
*1036 We therefore reverse the judgment, grant the motion and dismiss the petition. In view of our decision, we do not address respondents’ remaining contentions. Present—Pigott, Jr., PJ., Green, Scudder, Kehoe and Hayes, JJ.