Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights (2022 NY Slip Op 02852)

Matter of Clifton Park Apts., LLC v New York State Div. of Human Rights

2022 NY Slip Op 02852

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

533592
[*1]In the Matter of Clifton Park Apartments, LLC, as Owner of Pine Ridge II Apartments, et al., Petitioners,
v
New York State Division of Human Rights, Respondent, et al., Respondents. (And Another Related Proceeding.)

Calendar Date:March 21, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for petitioners.
Caroline J. Downey, General Counsel, New York City (Toni Ann Hollifield of counsel), for New York State Division of Human Rights, respondent.

Ceresia, J.
Proceedings pursuant to Executive Law § 298 (transferred to this Court by order of the Supreme Court, entered in Saratoga County) to, among other things, review a determination of the Commissioner of the State Division of Human Rights finding petitioners guilty of an unlawful discriminatory practice based on retaliation.
Respondent CityVision Services, Inc., is a not-for-profit corporation engaged in the prevention of housing discrimination. A CityVision employee, respondent Leigh Renner, placed a telephone call to petitioner Clifton Park Apartments, LLC, as owner of Pine Ridge II Apartments (hereinafter Pine Ridge), posing as a prospective tenant with three young children. The purpose of the call was to test whether Pine Ridge was engaging in housing discrimination. Following the call, CityVision filed a complaint with respondent State Division of Human Rights (hereinafter SDHR), alleging that the leasing agent who answered the phone at Pine Ridge had unlawfully steered Renner toward a different apartment complex upon learning that she had children. SDHR investigated the complaint and ultimately dismissed it, finding that there was no probable cause to believe that Pine Ridge engaged in an unlawful discriminatory practice.
Petitioner David H. Pentkowski, as counsel for Pine Ridge, then sent a letter to CityVision and Renner, stating that Pine Ridge considered the allegations in the complaint to be "false, fraudulent and libelous"; that Pine Ridge had been forced to expend employee resources and counsel fees defending the allegations; that Pine Ridge would be expecting compensation from CityVision and Renner; and that, if no communication was forthcoming, Pine Ridge would "proceed accordingly." Upon receipt of this letter, CityVision filed a second complaint with SDHR, claiming retaliation for lodging its first complaint. Following a public hearing held pursuant to Executive Law § 297 (4) (a), an Administrative Law Judge (hereinafter ALJ) recommended a finding that Pentkowski's sending of the letter constituted unlawful retaliation, and that petitioners should pay a civil fine and damages, but not counsel fees. The Commissioner of SDHR adopted most of the recommendation but awarded counsel fees. Petitioners then commenced this proceeding challenging that determination, and SDHR filed a cross petition to enforce it. The petition and cross petition were transferred to this Court for disposition.
It is an unlawful discriminatory practice to retaliate against a person for filing a human rights complaint (see Executive Law § 296 [7]). "To establish retaliation under [this] statute, a complainantmust show [1] that [it] engaged in protected activity, [2] that the [opposing party] wasaware of this activity, [3] that the [opposing party]took adverse action against the complainantand [4] that a causal connection exists between the protected activity and the adverse action" (Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 68[*2][2019] [citation omitted]; see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 312-313 [2004]). The complainant bears the initial burden of establishing retaliation as set forth above before the burden shifts to the opposing party to articulate a legitimate nondiscriminatory reason for the adverse action (see Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d at 69).
As an initial matter, the ALJ employed an incorrect burden-shifting analysis under the first prong of the above test. In order for CityVision to demonstrate that it engaged in protected activity by filing a discrimination complaint where, as here, the complaint was ultimately dismissed, CityVision was required to show that it held a reasonable belief that Pine Ridge was engaged in discriminatory practices (see Matter of New York State Off. of Mental Retardation & Dev. Disabilities [Staten Is. Dev. Ctr.] v New York State Div. of Human Rights, 164 AD2d 208, 210 [1990]). The ALJ did not undertake any analysis as to whether CityVision reasonably believed that Pine Ridge was engaging in a discriminatory practice duringthe telephone call in question. Rather, the ALJ simply stated in conclusory fashion that CityVision's discrimination complaint was made in good faith, that "[petitioners had] not shown that [CityVision's] allegations were made in bad faith and, therefore, [CityVision] should prevail." In our view, this approach improperly shifted the burden to petitioners to prove, in the first instance, that CityVision did not hold a reasonable belief that Pine Ridge was engaging in housing discrimination (see Matter of Rambert v Fischer, 128 AD3d 1111, 1112 [2015]; Matter of Delaware County Dept. of Social Servs. v Brooker, 272 AD2d 835, 836 [2000]). While typically such an error would result in remittal for further proceedings, for the following reason remittal is not warranted but, rather, the retaliation complaint must be dismissed.
The hearing evidence failed to support the findingthat petitioners took adverse action against CityVision, under the third prong of the test for retaliation. "[A]n adverse action must have some materially adverse effect on the complainant and must be of sufficient magnitude to permit a finding of intimidation, coercion, threats or interference" (Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d at 69 [internal quotation marks, brackets and citations omitted]). Pentkowski's letter simply stated his view that the allegations of discrimination against his client were false, and that Pine Ridge intended to seek compensation for the costs incurred in defending those false allegations. There was no evidence that petitioners took any additional actions against CityVision. We cannot conclude that, under these circumstances, the mere sending of the letter rose to the level of retaliation. That is,there was no showing that the letter had any "materially adverse effect" upon CityVision, nor was it "of sufficient magnitude to permit a finding [*3]of intimidation, coercion, threats or interference" (id.).
In light of the foregoing, we need not address petitioners' remaining contentions concerning the propriety of the damages and counsel fee awards.
Garry, P.J., Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and petition granted.